**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AVERY C. YOUNG**                                                                                 **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO.: 1:11CV236-SA-DAS**

**DOMTAR PAPER
COMPANY, LLC**                                                                     **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Avery C. Young filed this suit against Defendant Domtar Paper Company, alleging racial discrimination in violation of Title VII of the Civil Rights of 1964. Domtar moves the Court to dismiss Young's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Young failed to file his complaint within ninety days of receiving notice of his right to sue. Alternatively, Domtar moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), asserting that, in exchange for valuable consideration, Young signed a separation agreement which released and waived all claims arising out of his employment relationship with Domtar. For the following reasons, the Court grants the motion.

**BACKGROUND FACTS & PROCEDURAL HISTORY**

Young worked at a paper mill owned and operated by Domtar in Columbus, Mississippi. On March 9, 2010, Young filed a charge of discrimination with the EEOC, alleging that Domtar was discriminating against him on the basis of race by freezing his pay. The Columbus mill ceased operations soon afterwards, and Young completed his last day of work on April 16, 2010. On April 21, 2010, Young executed a "Separation Agreement and Full Release of All Claims" and received a severance package. Slightly over a year later, the EEOC closed its investigation of Young's charge of discrimination and issued a right-to-sue letter on May 26, 2011. Young filed the instant

suit against Domtar on November 8, 2011, asserting claims of racial discrimination, hostile work environment, and retaliation in violation of Title VII.

## SUMMARY JUDGMENT STANDARD

Because the Court has considered matters beyond the pleadings, the Court will analyze the instant motion as one for for summary judgment under Rule 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

## DISCUSSION

**I.       Waiver and Release**

Domtar first argues that it is entitled to summary judgment because Young waived any right

to assert a claim arising out of his employment or separation from employment with Domtar. The language of the Separation Agreement signed by Young reads, in pertinent part:

> In consideration for payment of the lump sum of $25,803, less standard payroll deductions and other benefits, I agree (subject only to the expressed exceptions below) to release Domtar Inc. . . . from all actions, claims and liabilities of any kind arising out of either my employment with the Company or my separation from employment.

The release expressly includes "any rights or claims [Young] may have under . . . Title VII of the Civil Rights Act of 1964. . . ." It further provides, "I must sign this release before being eligible to receive these benefits."

A release waiving rights under Title VII must be both knowing and voluntary. Rogers v. Gen. Elec. Co., 781 F.2d 452, 454 (5th Cir. 1986). An employee may validly release only those Title VII claims arising from "discriminatory acts or practices which antedate the execution of the release." Id. Under this approach, the moving party has the burden of "establish[ing] that his opponent signed a release that addresses the claims at issue, received adequate consideration, and breached the release. . . ." Williams v. Phillips Petroleum Co., 23 F.3d 930, 935 (5th Cir. 1994). Once this is established, "the opponent has the burden of demonstrating that the release was invalid because of fraud, duress, material mistake, or some other defense." Id. The Court examines the totality of the circumstances to determine whether the releasor has established an appropriate defense. Id. (citing O'Hare v. Global Natural Res., Inc., 898 F.2d 1015, 1017 (5th Cir. 1990)). The following factors are relevant in determining whether the employee has established a defense to the validity of the release:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the

3

agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

Smith v. Amedisys, Inc., 298 F.3d 434, 441 (5th Cir. 2002). "No single factor is necessarily dispositive in this analysis." Uherek v. Houston Light & Power Co., 997 F. Supp. 789, 792 (S.D.Tex. 1998)

Young filed his charge of discrimination on March 9, 2010. The Separation Agreement, which is conspicuously labeled "Separation Agreement and Full Release of All Claims," was sent to Young along with the notice of his impending layoff on March 23, 2010. By the terms of the Separation Agreement, Young had forty-five days to review the Agreement before making a decision and seven days to revoke the Separation Agreement after its execution. The Agreement advised Young to consult with an attorney before executing the release. Young completed his last day of work at the Columbus mill on April 16, 2010, and executed the Separation Agreement on April 21, 2010, for consideration in the amount of $25,803.

Defendant has met its initial burden. Young does not contest signing the release, nor does he dispute that the instant suit is barred by the plain language of the release. However, Young now contends that the release is void due to a lack of consideration. Young argues that he was contractually entitled to the severance benefits he received—whether or not he signed the release—based upon a provision in the employee handbook of the Columbus mill's former owner, Weyerhauser Pulp. According to Young, by virtue of the Weyerhauser Pulp handbook provision, he was contractually entitled to severance pay, and the promise of the severance pay was not contingent on the execution of any release or waiver or rights. Domtar acquired the paper making operations of the Columbus mill from Weyerhaeuser in March 2007. Young argues the

Weyeraeuser employee handbook was ratified by Domtar upon its purchase. However, the record is devoid of any evidence supporting these arguments. In particular, Young provides neither the handbook provision at issue nor any evidence whatsoever regarding how Domtar purportedly ratified any agreement that may have existed between Young and Weyerheuser. Young merely asserts in a conclusory fashion that he "was entitled to the pay promised by Plaintiff's predecessor employer and ratified by the defendant upon purchasing said plant." As Young has failed to provide any evidence establishing that he was entitled to the severance benefits he received, the Court concludes that Young received consideration in exchange for signing the separation agreement.[1]

Looking to the totality of the circumstances, the language of the release is clear and unambiguous. Young had an adequate amount of time to consider the release before signing, Young was advised to consult with an attorney before signing, and Young received adequate consideration in the amount $25,803. Young has failed to bring forth any evidence that he was otherwise entitled to this money or establishing any other defense to the release. Based on the totality of the circumstances, the Court finds that Young has failed to raise a genuine issue of material fact as to whether he knowingly and voluntarily executed the release. Accordingly, Domtar is entitled to summary judgment, and Young's claims are due to be dismissed.

II.     Failure to File Suit within Ninety Days

Additionally and alternatively, the Court finds that Young's complaint is subject to dismissal because he failed to file suit within ninety days of receiving notice of his right to sue. Title VII

---

[1] Severance benefits can constitute adequate consideration for a release of claims even if the employee had a "disputable" right to receive them without signing a release. See Smith, 298 F.3d at 443, n.3 (collecting cases); O'Hare, 898 F.2d at 1017 (Consideration was adequate to support release of ADEA claim where plaintiff "gave up a disputed right to benefits . . . for an undisputed right to a smaller package of benefits").

claims must be filed within ninety days after receipt of the notice of right to sue or the action will be dismissed. 42 U.S.C. § 2000e-5(f)(1); Taylor v. Books A Millions, Inc., 296 F.3d 376, 379 (5th Cir. 2002). This time limit operates as a statute of limitations and the "requirement to file a lawsuit within the ninety day limitation period is strictly construed." Id. (citations omitted). The ninety day period "begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." Ringgold v. Nat'l Maint. Corp., 796 F.2d 769, 770 (5th Cir. 1986). "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." Taylor, 296 F.3d at 379.

Here, the EEOC mailed a right-to-sue letter to Young on May 26, 2011. Although the record does not reveal the day Young received the letter, the Court will give Young all benefit of the doubt and presume that he received the letter seven days later, on June 2, 2011. Therefore, the ninety day period to file his suit would have expired, at the latest, on August 31, 2011. Young does not deny receiving the letter, which clearly advised him that his lawsuit must be filed within ninety days. Instead, Young argues that tolling should apply because, on June 24, 2011, he suffered a major fire in his home wherein all documentation related to his EEOC claim was lost. Young argues that this "made it impossible for him to file suit as required inasmuch as Plaintiff was unaware of the deadline by which to file his complaint." However, prior to the expiration of the ninety day period, Young, while acting pro se, wrote a letter[2] to the Court requesting an extension of time to file suit. A

---

[2]The letter, which was received on August 31, 2011, stated:

[Clerk of Court]

My name is Avery C Young my EEOC charge no. 846-2010-30334 the reason for

6

miscellaneous case[3] was opened and the letter was placed on the docket as "[1] Motion for Extension of Time Title VII." On September 13, 2011, Magistrate Judge David A. Sanders mailed Young an order stating:

> The plaintiff has filed a letter request for an extension of time on the statute of limitations in which to file her complaint. The court lacks authority to extend the statute of limitations, but encourages the plaintiff to file suit at the earliest possible time. A determination of whether or not the statute of limitations may have expired cannot be determined based on what is before the court. Any complaint filed should be filed in the existing case file.[4]

Young executed an acknowledgment of receipt of the order on September 23, 2011. Young filed the instant suit on November 8, 2011, 166 days after the right-to-sue letter was mailed.

Domtar argues that Young's complaint is untimely because it was filed outside the ninety day period, and therefore due to be dismissed as a matter of law. Young does not deny that his complaint was filed outside the ninety-day window,[5] but argues that the statute of limitations should be

---

> this letter is I'm asking for an extension on my filing suit. I had a hardship in my life that made me loose The number of days I had to file. I had a fire at my home on 06-24-11 which we lost almost Everything we had had. The paperwork was lost in an area of the house that received the most damage. I'm sending a copy of the fire report with this letter.
>
> Thanks
>
> Avery C Young

[3]Avery C. Young v. Employer, 1:11-mc-00009-DAS (N.D. Miss. 2011).

[4]Although the Order [2] is docketed as an "Order denying 1 Motion for Extension of Time," the heading of the Order is styled as an "Order Granting Extension of Time." Because the heading contradicts the text of the order, the Court presumes this was a typographical error. As the ninety day period had expired prior to Young receiving the letter, any confusion which could have resulted may not serve as a basis for tolling the limitations period.

[5]Young does not argue that his letter to the Court had the effect of commencing a suit within the ninety day period. In any event, such argument is foreclosed by the Court's reasoning

extended by the doctrine of equitable tolling.

Because the ninety-day filing requirement is not a jurisdictional requisite to filing suit, but instead more akin to a statute of limitations, it is subject to equitable tolling. Harris v. Boyd Tunica, Inc., 628 F.3d 237, 239 (5th Cir. 2010). However, "equitable tolling apples only in rare and exceptional circumstances." Id. (internal quotations omitted). The plaintiff bears the burden of justifying equitable tolling. Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999). "Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984).

In Baldwin County, the United States Supreme Court indicated that equitable tolling may apply where "a claimant receives inadequate notice, . . . or where a motion for appointment of counsel is pending and equity would justify tolling, . . . or where the court has led the plaintiff to believe that she had done everything required, . . . or where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." Id. at 151, 104 S. Ct. 1723. Similarly, the Fifth Circuit has "identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003) (citing Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1988)). The Fifth Circuit has also

---

in Baldwin County Welcome Center v. Brown., 466 U.S. 147, 149-50, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (mailing right-to-sue letter to the district court did not "commence" Title VII action); see also Firle v. Miss. State Dept. of Educ., 762 F.2d 487, 488-89 (5th Cir. 1985) (same).

assumed, without deciding, that a plaintiff's mental illness may warrant tolling. <u>Hood</u>, 168 F.3d at 233-34. However, "courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent." <u>Vidal v. Chertoff</u>, 293 F. App'x 325, 329 (5th Cir. 2008) (quoting <u>Lyons v. Potter</u>, 521 F.3d 981, 983 (8th Cir. 2008)) (holding that "symptoms of depression, anxiety and stress induced hypertension" did "not rise to the level of exceptional circumstances").

Although the Court is not without sympathy for Young, the Court concludes that the facts in this case do not rise to the level of "exceptional circumstances" justifying the application of equitable tolling. First, the record is bereft of evidence supporting Young's claim that he was unable to file his suit his suit due to the fire. The only evidence submitted by Young in his response is a copy of the order he received from the magistrate judge. Young has failed to provide the Court with any sworn testimony or other evidence supporting his claim for equitable tolling. Without any substantiation of mental or physical incapacity, equitable tolling does not apply. See <u>Stokes v. Dolgencorp, Inc.</u>, 367 F. App'x 545, 549 (5th Cir. 2010).

Second, while not discounting the disruption a house fire can impose on one's life, it falls short of the "exceptional" circumstances which have been held to justify equitable tolling, such a plaintiff being institutionalized, or a defendant intentionally concealing facts supporting the plaintiff's claim, or the EEOC misleading the plaintiff about his rights. Young fails to show how the house fire would have made it impossible for him to timely file his suit within the ninety day period.

Finally, as to the argument that equitable tolling should apply because of the Plaintiff's diligence in writing the Court and lack of prejudice to Domtar, that argument appears foreclosed by

Baldwin County. In that case, the Supreme Court found that equitable tolling did not apply where a Plaintiff, instead of filing a complaint, filed his right-to-sue letter with the district court during the ninety day period. 466 U.S. at 149-50, 104. S. Ct. 1723. First, the Court determined that filing the letter did not have the effect of commencing a suit within the ninety-day period. Id. The Court next found the Plaintiff's assertions of "diligent efforts" were insufficient to invoke equitable tolling. Id. at 150-51, 104 S. Ct. 1723. Finally, the Court found "unavailing" Plaintiff's argument that equitable tolling should apply because the Defendant could articulate no prejudice by its application. Id. at 151-52, 104 S. Ct. 1723. The Court stated, "[a]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." Id. at 152, 104 S. Ct. 1723.

Finally, even if, assuming arguendo, some basis for equitable tolling had been established, Young provides no explanation as to why he delayed an additional forty-six days before filing suit after receipt of the letter from the magistrate judge advising him to file suit "at the earliest possible time." A plaintiff "who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin Cnty., 466 U.S. at 151, 104 S. Ct. 1723.

The Court finds no basis in the record that "exceptional circumstances" exist which justify equitable tolling. Therefore, Young's Title VII claim is due to be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [6]. Plaintiff's claims are dismissed, and this case is CLOSED. Pursuant to Rule 58, a separate judgment will issue in accordance with this opinion.

SO ORDERED on this, the 13th day of June, 2012.

                                                  /s/ Sharion Aycock
                                                 **UNITED STATES DISTRICT JUDGE**